UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHARLES HOLLEY,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

17-CV-6783
DISMISSAL ORDER

## INTRODUCTION

On November 14, 2017, plaintiff Charles Holley, represented by counsel, filed a complaint. ECF No. 1. On November 15, 2017, the Court issued the summons, which, along with the complaint, plaintiff's counsel successfully served on the Commissioner on December 28, 2017. ECF Nos. 2, 3. On April 2, 2018, the Commissioner filed the transcript. ECF No. 5.

Pursuant to Local Rule of Civil Procedure 5.5, dispositive motions from both parties were due by June 1, 2018, *i.e.*, within 60 days of the filing of the administrative transcript. *See* Loc. R. Civ. P. 5.5(c). On, June 4, 2018, plaintiff requested an extension of time to file his dispositive motions, which was granted by the Court. ECF No. 7. Plaintiff subsequently filed four requests seeking extension of time to file his dispositive motions. ECF Nos. 7, 9, 10, 11. The Court granted the requests and extended the time for plaintiff to file a dispositive motion to October 15, 2018. ECF No. 12.

On November 6, 2018, plaintiff's counsel filed a motion to withdraw as attorney for plaintiff (ECF No. 13), which the Court granted on December 13, 2018. ECF No. 19. In its December 13, 2018 Order, the Court provided plaintiff with an opportunity to retain counsel and file a Notice of Appearance, or notify the Court in writing of his desire to proceed *pro se* within sixty days of the date of the Order. *Id.* Since then, the Court has received neither a Notice of

1

Appearance filed by plaintiff's new legal counsel, nor any written communication from plaintiff about his wish to represent himself. Also, plaintiff has not filed a dispositive motion pursuant to Local Rule of Civil Procedure 5.5, or otherwise communicated with the Court.

On February 25, 2019, pursuant to Local Rule of Civil Procedure 41(b), the Court ordered plaintiff to show cause in writing by March 27, 2019 why this case should not be dismissed for plaintiff's failure to secure legal counsel, comminute with the Court regarding his desire to proceed *pro se*, or to adhere to the dispositive motion deadline. ECF No. 21; *see* Loc. R. Civ. P. 41(b) (indicating that if a civil case has been pending for more than six months and is not in compliance with the Court's directions, the Court may order the parties to show cause why the case should not be dismissed). Plaintiff still has not communicated with the Court. Consequently, this case is DISMISSED WITH PREJUDICE.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). Although it is a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the

judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). No single factor is generally dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

As to the duration of plaintiff's failure to comply with the Court's Orders, his dispositive motion was initially due by June 1, 2018. Subsequently, the Court extended this deadline several times based on the requests submitted by plaintiff's then counsel, with the last extension to file plaintiff's dispositive motions to be October 15, 2018. ECF No. 7, 9, 10, 11, 12. On November 6, 2018, plaintiff's counsel filed a motion to withdraw as attorney for plaintiff (ECF No. 13), which the Court granted on December 13, 2018. ECF No. 19. In its Order, the Court provided plaintiff with an opportunity to retain counsel and file a Notice of Appearance or notify the Court in writing of his desire to proceed *pro se* within sixty days of the date of the Order, i.e. by February 11, 2019. Plaintiff was aware of this deadline because a copy of the Order had been mailed to him. *Id.* Nonetheless, he did not retain counsel, nor communicated with the Court by February 11, 2019. On February 25, 2019, the Court issued an Order to Show Cause giving plaintiff another thirty days until March 27, 2019 to explain why this case should not be dismissed for his failure to either secure legal counsel or notify the Court of his desire to appear *pro se*, or to file a dispositive motion. ECF No. 21.

Plaintiff had notice that his failure to comply would result in the dismissal of this case because the Order to Show Cause explicitly warned him that if he did not respond, his case would be dismissed with prejudice. *Id.* The Court's Local Rules also warn that a *pro se* litigant's failure to comply with the Federal and Local Rules of Civil Procedure "may result in the dismissal of the case, with prejudice." Loc. R. Civ. P. 5.2(i).

The Court also finds plaintiff's inaction prejudicial to the Commissioner. The Commissioner has an interest in the timely resolution of this case, as the Social Security Administration is significantly overburdened with applications and appeals.

Similarly, although the Court recognizes plaintiff's interest in receiving a fair chance to be heard, it must also consider the heavy demands of its docket, especially in the Social Security context; there are over 1,500 Social Security appeals currently pending in this District. This case is almost a year and a half old, yet it is not fully briefed or ready for the Court to rule on its merits.

The Court has given plaintiff opportunities to be heard and pursue his Social Security appeal, but he has refused to prosecute this action and respond to the Court's Orders. Accordingly, the Court finds that dismissal is appropriate as no lesser sanction would compel plaintiff to prosecute this case.

## CONCLUSION

Because plaintiff failed to comply with the Court's Orders and has not communicated with the Court to explain or correct the noncompliance despite being warned of the consequences of failing to respond, this action is DISMISSED WITH PREJUDICE and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: April 10, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court